IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEFFERY SCOTT LEWIS (#14058081), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-1068-G-BN |
| HUYNH DUNG and TRUNG NGUYAN, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior District Judge A. Joe Fish. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that this case be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**Background**

Plaintiff Jeffery Scott Lewis, an inmate at the Dallas County Jail, signed a complaint pursuant to 42 U.S.C. § 1983 [Dkt. No. 3] on April 2, 2015, which was docketed by the Court on April 8, 2015. The next day, the Court ordered Plaintiff to either pay the filing fee or move for leave *in forma pauperis* ("IFP") no later than May 11, 2015, *see* Dkt. No. 4, and issued a questionnaire to allow Plaintiff an opportunity to develop the factual basis for his complaint, *see* Dkt. No. 5. The Court docketed

-1-

Plaintiff's responses to the questionnaire [Dkt. No. 6] and his IFP motion [Dkt. No. 7] on May 7, 2015, and Plaintiff was granted leave to proceed IFP on May 11, 2015. *See* Dkt. No. 8.

Through his complaint and responses to the Court's questionnaire, Plaintiff alleges that the two named defendants, Huynh Dung and Trung Nguyan, lied concerning his presence at an establishment located at 4864 S. Buckner Boulevard, Dallas, Texas – which Plaintiff describes as an illegal game room owned by the defendants – and falsely accused Plaintiff of aggravated robbery. *See* Dkt. No. 3 at 3-4; Dkt. No. 6 at 4-5.

The undersigned now determines that this case should be dismissed under Sections 1915(e)(2)(B) and 1915A(b).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Similarly, a district court is required to screen a civil action brought by a prisoner – whether he or she is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee, *id.*, § 1915A(a), (c), and must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed, the pleadings here include Plaintiff's responses to the Court's questionnaire, *see* Dkt. No. 6, which "become part of a plaintiff's pleadings," *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

## Analysis

Plaintiff's Section 1983 complaint should be dismissed. Plaintiff has sued two defendants whom he alleges are the owners of an illegal game room. But he has alleged no facts to support a claim that the conduct of either defendant against him may be attributable to the State. He therefore fails to state a plausible Section 1983 claim against either defendant.

> [T]o state a viable claim for relief in a § 1983 action, Plaintiff must allege that he has been deprived of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *West v. Atkins*, 487 U.S. 42, 48 (1988). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private action may be deemed state action, for purposes of § 1983, only where the challenged conduct "may be fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)..

*Hester v. Dallas Cnty. Jail*, No. 3:11-cv-3099-B-BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *rec. adopted*, 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012) (citation omitted and some internal citations modified).

## Recommendation

The complaint should be summarily dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE